STATE, AMOS CLARK, JR., PROSECUTOR, v. FIRE DEPARTMENT OF THE CITY OF ELIZABETH.

After a building was erected in violation of a city ordinance, and the right to recover the penalty under it had accrued to the fire department, the common council passed a resolution authorizing its erection. *Held*, that such after-authority, without any resolution to remit the penalty already incurred, constitutes no defence to the action to recover the penalty.

On *certiorari* to the Court of Common Pleas of Union county.

Argued at November Term, 1880, before Justices VAN SYCKEL and MAGIE.

For the plaintiff, *W. R. Wilson.*

For the defendant, *P. H. Gilhooly.*

The opinion of the court was delivered by

VAN SYCKEL, J.    This is an action of debt to recover a penalty for the violation of an ordinance of the city of Elizabeth.    The suit was instituted in the District Court of the

said city, where judgment was rendered for the plaintiff. This judgment was affirmed on appeal to the Common Pleas, from which court it has been certified here for review.

The thirty-third section of the city charter prescribes that penalties imposed by city ordinances shall be recovered by action of debt, in the name of the "Treasurer of the city of Elizabeth."

A supplement to the charter (passed February 28th, 1868, § 6,) provides that all fines for the violation of the building laws of the city shall be sued for and recovered in the name of the fire department of the city of Elizabeth.

The objection to the form of the proceeding is, therefore, not well taken.

The city ordinance, for the alleged violation of which this suit is brought, prohibits the erection of any wood building without first obtaining the consent of two-thirds of the members of the common council.

The judge of the District Court has found, as a fact, that the building was erected by the defendant, in violation of the ordinance, prior to May 1st, 1878. His certificate is conclusive as to facts. *Guerin* v. *Rodwell*, 8 *Vroom* 71; *Benedict* v. *Howell*, 10 *Vroom* 221.

The defence set up is this: On the 8th of April, 1878, the defendant presented to the city council the following petition:

"*To the Mayor and City Council of Elizabeth, N. J.:*

"GENTLEMEN—The undersigned is now erecting a small office at No. 215½ Broad street, and thoughtless, and without the least desire to evade the city ordinances in relation to the erection and extension of buildings, did not apply to your honorable body for permission. I now ask your honorable body to allow this building to be finished, although in no part of it, except in the rear, could brick be used.

"I am your ob't serv't,

"AMOS CLARK, JR."

On the 8th of April, 1878, this petition was referred to the committee on fire department.

At a meeting of the city council May 1st, 1878, the fire committee, to which this petition was referred, reported as follows:

"Your committee report that Mr. Clark appeared before them and explained satisfactorily the reasons why he erected the said wooden building, and your committee would report that the prayer of the petitioner should be granted."

Councilman Crane moved that the report be received and the recommendation adopted, which motion was carried by a unanimous vote of the fourteen councilmen present.

This, it is insisted, was such a consent to the erection as will bar the recovery of the penalty.

All the petitioner asked for was the privilege of finishing his building, and that permission was accorded to him, but according to the finding below, he had already, without consent, and contrary to the ordinance, made the erection and incurred the penalty.

The defendant did not apply to have the penalty remitted, nor did the council by their resolution relieve him from past liability. The right to sue had vested in the plaintiff, and that right the council, conceding their power to do so, did not in anywise attempt to impair.

The permission of the committee on fire department will not avail the defendant. That committee had no power to authorize the ordinances to be disregarded. So long as the ordinance was in force it required the consent of two-thirds of the common council to justify defendant in proceeding.

No reason appears why the judgment below should be set aside

Let it be affirmed, with costs.